Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:21-CR-30-RMP |
| v. | Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) |
| TIMOTHY RICHARD RAY RIGGINS, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, TIMOTHY RICHARD RAY RIGGINS, and the Defendant's counsel, Amy Rubin, agree to the following Plea Agreement:

1)      Guilty Plea and Maximum Statutory Penalties:

The Defendant agrees to plead guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to sole count of the Indictment filed on March 16, 2021, charging the Defendant with Possession of Unregistered Firearms / Destructive Devices, in violation of 26 U.S.C. §§ 5845(a)(8) and (f), 5861(d). The Defendant, understands that the charge contained in the Indictment is a Class C Felony. The Defendant also understands that the maximum statutory penalty for this offense is: (1) not more than 10 years

Plea Agreement - 1

imprisonment; (2) a fine not to exceed $250,000; (3) a term of supervised release of not more than 3 years; and (4) a $100 special penalty assessment.

The Defendant further understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2)    Global Resolution:

The Defendant is currently charged by the State of Washington, in and for the County of Grant, with multiple offenses under the following Grant County Cause Numbers: G210153CC (Obstruction) and 19-1-00632-13 (Robbery, Theft of Motor Vehicle, Possession of Explosives, and Abandonment of Explosives). The Defendant affirmatively wishes to resolve all of these federal and state charges as part of a single, global resolution[1]. The State of Washington will move to dismiss these stated cases after the Defendant is sentenced in this instant federal case within the Fed. R. Crim. P. 11(c)(1)(C) range. This agreement does not contemplate the resolution of any charges in any other jurisdiction.

3)    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

---

[1] The United States is not seeking to include these events as relevant conduct under USSG §1B1.3. However, the United States is free to discuss and argue this event as conduct to be considered by the sentencing court under the 18 U.S.C. § 3553(a) sentencing factors.

Plea Agreement - 2

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decides to sentence the Defendant to more than 84 months of incarceration, the Defendant may withdraw from this Plea Agreement and may withdraw his guilty plea. The Defendant also understands that should the sentencing judge decides to sentence the Defendant to less than 70 months, the United States may withdraw from this Plea Agreement.

4)   Waiver of Constitutional Rights:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a)   The right to a jury trial;

b)   The right to see, hear and question the witnesses;

c)   The right to remain silent at trial;

d)   The right to testify at trial; and

e)   The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5)   Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Possession of Unregistered Firearms / Destructive Devices, in violation of 26 U.S.C. §§ 5845(a)(8) and (f), 5861(d), the United States would have to prove beyond a reasonable doubt the following elements:

Plea Agreement - 3

*First*, on or about November 3, 2019, the Defendant, in the Eastern District of Washington, knowingly possessed a National Firearms Act firearm / destructive device as alleged in the Indictment;

*Second*, the firearms / destructive devices were a 1 ¾ ariel Consumer Firework shell containing explosive powder with 23 nails affixed to the exterior; a 1 ¾ ariel Consumer Firework shell containing explosive powder with 29 nails affixed to the exterior; and a 1 ¾ ariel Consumer Firework shell containing explosive powder with 22 nails affixed to the exterior;

*Third*, the Defendant knew of the characteristics of the firearm, that is, it was a destructive device, to wit an improvised explosive bomb as defined under 26 U.S.C. § 5845(f);

*Fourth*, the firearm was or could readily have been put in operating condition; and

*Fifth*, the firearms / destructive devices were not registered to the Defendant in the National Firearms Registration and Transfer Record.

6)    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On November 3, 2019, the Moses Lake Police Department ("MLPD") received a 911 call from the victim of a carjacking, who advised the Defendant, TIMOTHY RICHARD RAY RIGGINS, had just assaulted her and stolen her vehicle. The victim further advised the Defendant had a "bomb" and she was concerned he was going to use it on a specified individual. The victim described the "bomb" as located in a gray

Plea Agreement - 4

fanny pack-type bag and looked like firecrackers with nails sticking off it with a long fuse. The victim advised that before stealing her vehicle, the Defendant threatened her and her family and opened the gray fanny pack. The Defendant then threatened to blow her up. She reported that he then ignited and held a lighter next to the wick sticking out of the explosive. The Defendant said something to the effect of "someone like you should not piss off someone like me." He then struck her. The victim was able to get out of the vehicle and the Defendant took off with the vehicle at a high rate of speed.

MLPD located the victim's vehicle down the block from the reported incident. MLPD followed a trail of debris which appeared to be from the vehicle to a nearby residence. MLPD contacted the homeowner of that residence, who advised the Defendant was, in fact, in the residence, hiding in a washing machine. The victim arrived at the location and positively identified her belongings, as well as the gray fanny pack that contained the explosives the Defendant had threatened her with earlier.

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") assisted in the investigation. An ATF explosives expert examined the contents of the gray fanny pack and found it to contain 3 ariel Consumer Fireworks (each 1 ¾ inches), each with over 20 nails affixed to the exterior of them. Based on his examination, the ATF expert noted these were operational and the 3 devices would be classified as "improvised explosive bombs" as defined under 26 U.S.C. § 5845(f).

None of the seized destructive devices were registered to the Defendant in the National Firearms Registration and Transfer Record.

7)    The United States Agrees Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of

Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8)    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a)    *Base Offense Level*:

The United States and the Defendant agree that the base offense level for Possession of Unregistered Destructive Devices, in violation of 26 U.S.C. §§ 5845(a)(8) and (f), 5861(d) is a 22, as the Defendant possessed a firearm described in 26 U.S.C. 5845(a) and has a previous conviction for a felony crime of violence. *See* USSG §2K2.1(a)(3).

b)    *Specific Offense Characteristics*:

The United States and the Defendant agree to recommend a 2-level increase because the devices were destructive devices. *See* USSG §2K2.1(b)(3)(B).

The United States and the Defendant also agree to recommend a 4-level increase because the destructive device was used or possessed in connection with another felony offense. *See* USSG §2K2.1(b)(6)(B). The United States and the Defendant agree to recommend no additional specific offense characteristics apply.

c)    *Acceptance of Responsibility*:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

Plea Agreement - 6

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

       d)    *Criminal History*:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

       9)    Incarceration:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendant agree to recommend a term of incarceration within the applicable guideline range as contemplated by the parties in this Plea Agreement (70-87 months). The parties agree to recommend the Defendant receive credit for the time he has served on this fact pattern.

       10)    Criminal Fine:

The United States and the Defendant agree to recommend no criminal fine.

       11)    Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a 3 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

       a) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

       b) that the Defendant complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. The

Plea Agreement - 7

Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

c) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

12)    <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13)    <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons Inmate Financial Responsibility Program.

14)    <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15)    <u>Appeal Rights</u>:

In return for the concessions that the United States has made in this plea agreement the Defendant agrees to waive his right to appeal his sentence if the Court sentences the Defendant within the Fed. R. Crim. P. 11(c)(1)(C) range.

The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on

Plea Agreement - 8

information not now known by the Defendant and which, in the exercise of due
diligence, could not be known by the Defendant by the time the Court imposes the
sentence.

Should this conviction be set aside, reversed, or vacated, this Plea Agreement is
null and void and the United States may institute or re-institute any charges against the
Defendant and make derivative use of any statements or information the Defendant
has provided.

16)   Integration Clause:

The United States and the Defendant acknowledge that this document
constitutes the entire Plea Agreement between the United States and the Defendant,
and no other promises, agreements, or conditions exist between the United States and
the Defendant concerning the resolution of the case.  This Plea Agreement is binding
only upon the United States Attorney's Office for the Eastern District of Washington,
and cannot bind other federal, state or local authorities.  The United States and the
Defendant agree that this agreement cannot be modified except in a writing that is
signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for
the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney


Caitlin Baunsgard                          11/9/21
Assistant U.S. Attorney                   Date

Plea Agreement - 9

1  I have read this Plea Agreement and have carefully reviewed and discussed
2  every part of the agreement with my attorney. I understand and voluntarily enter into
3  this Plea Agreement. Furthermore, I have consulted with my attorney about my
4  rights, I understand those rights, and I am satisfied with the representation of my
5  attorney in this case. No other promises or inducements have been made to me, other
6  than those contained in this Plea Agreement and no one has threatened or forced me in
7  any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am
8  guilty.

11  _____        _____11/9/21_____
12  TIMOTHY RICHARD RAY RIGGINS               Date
    Defendant

15  I have read the Plea Agreement and have discussed the contents of the
16  agreement with my client. The Plea Agreement accurately and completely sets forth
17  the entirety of the agreement between the parties. I concur in my client's decision to
18  plead guilty as set forth in the Plea Agreement. There is no legal reason why the
19  Court should not accept the Defendant's plea of guilty.

21  _____        _____11/9/21_____
22  Amy Rubin                                 Date
23  Attorney for the Defendant

Plea Agreement - 10